UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

NEW STAR UNITED, INC. and EDWARD
GOYKHMAN,

                          Plaintiffs,    REPORT AND
                                                 RECOMMENDATION

       - against -

                                                  CV 98-1518 (NGG)(MDG)

INTERNATIONAL JOINT STOCK AVIATION
COMPANY,

                          Defendant.

- - - - - - - - - - - - - - - - - - - -X

    Plaintiffs New Star United, Inc. ("New Star") and Edward Goykhman ("Goykhman"), who bring this action pursuant to the Court's foreign diversity jurisdiction, assert claims for breach of contract and defamation. For the reasons that follow, I recommend that the Court dismiss the claims of plaintiffs for failure to prosecute and the claims of New Star for failure to obtain new counsel.

## PERTINENT FACTS

    In their Amended Complaint, plaintiffs allege that defendant International Joint Stock Aviation Company, d/b/a as "Air Urga" made certain defamatory remarks that led to Mr. Goykhman's arrest and prosecution of a criminal action that was ultimately dismissed. See Amended Complaint at ¶¶ 15-18 (ct. doc. 21). However, Mr. Goykhman was later indicted in the Southern District

of New York on seven counts of wire fraud arising from the same transactions that underlie the claims in this action.  See letter of Michael J. Holland dated 2/13/04 (ct. doc. 63).  Following Mr. Goykhman's conviction on all seven counts, he was sentenced by the Honorable Richard Owen to concurrent terms of 46 months of imprisonment on all seven counts.  See criminal judgment annexed to letter of Michael J. Holland dated 6/11/04 (ct. doc. 66).  In an order dated May 27, 2005, the Honorable Nicholas G. Garaufis ordered that this case be administratively closed pending resolution of the criminal prosecution brought against Mr. Goykhman.  See ct. doc. 67.

As this Court noted in a summary electronic order filed on October 13, 2006, Mr. Goykhman withdrew his appeal from his conviction in February 2006.  This Court thus directed plaintiffs to file a report by November 1, 2006 whether they intend to proceed in this case.  After subsequently learning that Joseph David Pope, counsel of record for plaintiffs, had passed away, this Court obtained the address for Mr. Goykhman, who is also a principal of plaintiff New Star United, Inc.  In an order dated November 6, 2006, this Court directed plaintiffs to submit a report by December 15, 2006 to advise whether they intend to re-open this action.  This Court "warned that if they fail to send a timely report, their failure will be deemed a lack of interest in pursuing this action and could result in dismissal of this action with prejudice."  This Court also warned New Star United, Inc. "that corporations may appear in federal court proceedings only

through counsel" and that "its claim could be dismissed" if it fails to obtain counsel.

DISCUSSION

This Court has the discretion to impose sanctions, including dismissal, for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Because dismissal is a drastic sanction, it "should not be utilized without a careful weighing of its appropriateness." Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996). Among pertinent factors for consideration are (1) the duration of a plaintiff's failures; (2) whether a plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court congestion with a party's right to due process; and (5) the efficacy of lesser sanctions. Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir. 1996).

The pertinent factors weigh in favor of dismissal of the claims of the plaintiffs. As a preliminary matter, plaintiffs are likely not to have a meritorious claim in light of Mr. Goykhman's conviction on charges which indisputably stem from conduct giving rise to the claims in this action. When Judge Garaufis ordered this action administratively closed "pending resolution of the criminal action," he noted that "[i]t may be

redesignated as open by a motion in this pending case." Ct. doc. 67. Although Mr. Goykhman withdrew his criminal appeal in February 2006, he has taken no action to reopen this action.

In an order dated November 6, 2006, this Court ordered the plaintiffs to advise by December 15, 2006 whether they intend to pursue this action. This Court also gave the plaintiffs clear warnings that their failure to respond would be deemed a lack of interest in pursuing this action and result in dismissal. See Lucas, 84 F.3d at 535 (noting that "[a] warning to a pro se litigant must be more specific"). Despite the warning, the plaintiffs failed to file a timely report.

In addition, because plaintiffs were represented by Joseph Pope, who represented them as a single practitioner until his untimely death, the plaintiffs are not now represented by counsel. It is well settled that a corporation may not appear in federal court except through licensed counsel. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (collecting cases). The court also directed New Star to obtain legal counsel and warned that failure to do so could result in dismissal of its claims. As of this date, no attorney has entered a notice of appearance on behalf of New Star.

In short, plaintiffs have not demonstrated any interest in pursuing this action since the 2003 arrest of plaintiff Edward Goykhman, one of the plaintiffs and an officer and principal of plaintiff New Star.

CONCLUSION

I therefore recommend that the Court dismiss the claims of New Star United, Inc. for failure to obtain new counsel and all the claims of plaintiffs with prejudice for failure to prosecute. See Carlisle v. United States, 517 U.S. 416, 426 (1996); Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir. 1996) (authority necessary to manage affairs to achieve the orderly and expeditious disposition of cases).

A copy of this Report and Recommendation will be mailed to plaintiffs and filed electronically with this Court. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned and all other parties, on or before February 5, 2007. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 18, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

mailed to:

Edward Goykhman
1081 Harbor Court
Hollywood, FL 33019